UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NATASHA ANDRE,

    Plaintiff,

v.                              Case No.: 0:16-CV-61956

FINANCIAL CORPORTION OF AMERICA,

    Defendant.
_____/

## ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND
## TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, Defendant, FINANCIAL CORPORATION OF AMERICA, ("FCOA" and/or "Defendant"), by and through its undersigned counsel, and hereby responds to Plaintiff's Complaint as follows:

1. Admitted the statute states what it states. Otherwise, denied.

2. Admitted the statute states what it states. Otherwise, denied.

3. Admitted the statute states what it states. Otherwise, denied.

4. Admitted the statute states what it states. Otherwise, denied.

5. Admitted the statute states what it states. Otherwise, denied.

6. Admitted the statute states what it states. Otherwise, denied.

7. Admitted the statute states what it states. Otherwise, denied.

8. Admitted the statute states what it states. Otherwise, denied.

9. Admitted the statute states what it states. Otherwise, denied.

10. Denied.

11. Admitted for jurisdictional purposes only.

12. Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

13. Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

14. Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

15. Admitted.

16. Admitted.

17. Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

18. Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

19. Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

20. Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

21. Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

22. Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

23. Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

24. Admitted that Exhibit A speaks for itself; otherwise Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

25. Admitted that Exhibit A speaks for itself; otherwise Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

26. Denied.

27. Denied.

## Count I

28. Defendant reasserts its responses to paragraphs 19 through 27 of the Complaint as stated above.

29. Denied.

30. Denied.

31. Denied.

32. Denied inclusive of all subparts.

33. Denied.

## Count II

34. Defendant reasserts its responses to paragraphs 19 through 27 of the Complaint as stated above.

35. Denied, inclusive of all subparts.

36. Denied.

37. Admitted that Plaintiff demands trial by jury.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants assert, without admitting any liability whatsoever, that any violation of state or federal law was unintentional and the result of a bona fide error, notwithstanding reasonable procedures in place to prevent such errors.

### SECOND AFFIRMATIVE DEFENSE

Defendant asserts, without admitting any liability whatsoever, that Plaintiff lacks standing as he has suffered no injury-in-fact as the result of any act or omission by Defendant.

### JURY DEMAND

Defendant hereby demands a trial by jury on all issues so triable.

Respectfully submitted by:

 /s/ Dale T. Golden
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
 /s/ Charles J. McHale
CHARLES J. MCHALE, ESQ.
Florida Bar No.: 0026555
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
dgolden@gsgfirm.com
cmchale@gsgfirm.com
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

  /s/ Charles J. McHale
CHARLES J. MCHALE, ESQ.
Florida Bar No.: 0026555